UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHERMICKA BROWN, individually And on behalf of others similarly situated | * * * | CIVIL ACTION NO.: |
| VERSUS | * * | |
| 4EVER CARING L.L.C. and STEPHANIE W. BARNES | * * * | COLLECTIVE ACTION |

*************************************************************************

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Chermicka Brown, individually and on behalf of all other similarly situated current and former employees of Defendants, brings this Collective Action against Defendant, 4Ever Caring L.L.C., and alleges as follows:

### I.    JURISDICTION

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

### II.    PARTIES

2. Plaintiff is domiciled in East Baton Rouge Parish, State of Louisiana, and has been employed by Defendants from approximately June 2017 through approximately November 2019 as a direct service worker who provided companionship services. Plaintiff's hours varied from week to week but she regularly worked more than forty (40) hours a week.

3. Plaintiff has consented to filing the instant action. (Exhibit "A").

4. Defendant 4Ever Caring L.L.C. (hereinafter referred to as "4Ever Caring") is a Louisiana limited liability company with its principal place of business located at 4609 North

Boulevard, Baton Rouge, Louisiana, and may be served through its registered agent, Stephanie W. Barnes, at the same address.

5. Defendant Stephanie W. Barnes (hereinafter referred to as "Barnes"), is a Louisiana resident who can be served at her residence at 13420 Ridgeview Drive, Baton Rouge, Louisiana 70817.

6. Defendant 4Ever Caring employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

7. The precise size and the identity of the Collective should be ascertainable from the business records, payroll and/or employee or personnel records of Defendant.

### III.   VENUE

8. Venue is proper in this District as Defendants conducted business in the Middle District, and as a substantial part of the events giving rise the claims occurred in East Baton Rouge Parish.

9. Furthermore, Defendants' principal office and residence are located in East Baton Rouge Parish.

### IV.   COLLECTIVE ACTION DEFINITION

10. The Collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current and former direct service workers employed by 4Ever Caring L.L.C. within the last three (3) years.

### V.   COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of 29 U.S.C. §203(d).

12. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

13. At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

14. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VI.  FACTS

16. Defendants operate a home healthcare agency in Baton Rouge, Louisiana providing home healthcare services.

17. Plaintiff and the Collective Members were employed by Defendants as direct service workers who provided companionship services for the elderly, ill or disabled.

18. Plaintiff's hours varied from week to week during her employment with Defendants, but she regularly worked more than forty (40) hours in a workweek.

19. For example, during the two-week pay period from June 17, 2019 through June 23, 2019, Plaintiff's timesheets indicate she worked one-hundred-thirty-five (135) hours. She was not paid an overtime premium for the overtime hours that she worked during the two workweeks in that pay period.

20. For the two-week pay period from July 29, 2019 through August 11, 2019, Plaintiff worked one-hundred-thirty-five and one-half (135.5) hours. She was not paid an overtime premium for the overtime hours that she worked during the two workweeks in that pay period.

3

21. Upon information and belief, the Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

22. Defendants did not pay and overtime premium for all hours worked over forty (40) in a workweek.

23. Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

## VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

24. Plaintiff, individually, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

25. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

26. Plaintiff and the Collective Members are not exempt from the overtime requirements of the FLSA.

27. Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

28. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) by failing to pay in the past three (3) years.

## VIII. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Defendants' practice and policy of not paying overtime affects Plaintiff and the Collective Members and is a willful violation of the FLSA.

31. The Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

32. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated employees.

33. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### IX.    RETALIATION IN VIOLATION OF THE FLSA

34. Plaintiff, individually, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Section 215(a)(3) of the FLSA makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."

36. Plaintiff engaged in protected activity within the meaning of the FLSA by questioning Defendants regarding their overtime policies.

37. Plaintiff suffered adverse action, including termination and withholding her final paycheck, upon engaging in this protected activity.

38. Defendants retaliated against Plaintiff in violation of the FLSA as a result of her filing a complaint or expressing her intent to institute an action.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255 without a good faith or reasonable basis.

40. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer a loss of income and benefits, emotional distress, and other damages. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to all "such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3)," including compensatory damages, liquidated damages, and punitive damages, as well as attorneys' fees and costs incurred in connection with this claim.

### X. VIOLATION OF THE LOUISIANA WAGE PAYMENT ACT

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. According to Defendants' payroll policy, Plaintiff turned in her timesheets at the corporate office.

43. Despite submitting timesheets documenting her hours worked, Plaintiff's check stubs show that she was not paid for all hours worked.

44. For example, during the two-week pay period from June 17, 2019 through June 23, 2019, Plaintiff's timesheets indicate she worked one hundred thirty-five (135) hours. However, her check stub shows that she was only paid for one hundred twenty-eight and seven hundredths (128.07) hours.

45. Again, for the two-week pay period from July 29, 2019 through August 11, 2019, Plaintiff worked one-hundred-thirty-five and one-half (135.5) hours. For that pay period, her check stubs show that she was only paid for one hundred fourteen (114) hours.

46. Plaintiff complained to her supervisors at 4Ever Caring on numerous occasions about her check stubs not including payment for all of her hours worked.

47. Defendants on August 22, 2019 issued Plaintiff a one-time check in the amount of ninety dollars ($90.00) that purported to be a payroll adjustment. However, this check was not run through Defendants' payroll and did not have any accompanying documentation that indicated the number of hours and for which pay period that adjustment applied.

48. To date, Plaintiff has not yet received pay for all hours worked for Defendant.

49. Plaintiff was informed she was terminated by Defendants on or about November 11, 2019.

50. Pursuant to La. R.S. 23:631, Plaintiff was entitled to payment of her wages on or before the next regular payday, or November 15, 2019.

51. Plaintiff demanded payment of her wages, including her last paycheck before and after November 11, 2019.

52. Plaintiff has still not received payment of her wages due.

53. Accordingly, pursuant to La. R.S. 23:632, Plaintiff is entitled to back wages, statutory penalties, judicial interest, attorneys' fees and costs.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment in her favor and against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendants liable for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For an award of compensatory damages that resulted from Defendants' retaliation against Plaintiff, together with liquidated damages, punitive damages, attorneys' fees and costs;

6. For an award of unpaid wages, statutory penalties, attorneys' fees and costs pursuant to La. R.S. 23: 631 *et seq.*;

7. For an award of pre- and post-judgment interest; and

8. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By: /s/ Scott E. Brady
Philip Bohrer (Bar Roll No. 14089)
phil@bohrerbrady.com
Scott E. Brady (Bar Roll No. 24976)
scott@bohrerbrady.com
Amanda E. McGowen (Bar Roll No. 33976)
amcgowen@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000