UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHERMICKA BROWN, individually
And on behalf of others similarly situated**

**VERSUS**

**4EVER CARING, LLC, ET AL.**

**CIVIL ACTION**

**NO. 19-809-JWD-RLB**

**RULING AND ORDER**

Before the Court is the *Consent Motion for Approval of FLSA Settlement and Dismissal* (Doc. 18) filed by plaintiff Chermicka Brown ("Plaintiff" or "Brown") and defendants 4Ever Caring, LLC and Stephanie W. Barnes ("Defendants"). In the motion, Plaintiff and Defendants jointly move this Court to approve a settlement under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Court has carefully considered the motion, and supporting documents and, for the reasons which follow, the motion is granted.

**I.     Background**

On November 22, 2019, Plaintiff filed this putative FLSA collective action against Defendants. (Doc. 1.) Plaintiff claims that while she was working for defendants as a Direct Service Worker, primarily providing companionship services to ill and elderly clients of Defendants, she and other Direct Service Workers who worked for Defendants since February 6, 2017, were not paid all hours worked by them resulting in unpaid wages and overtime, and in some instances, were not paid the minimum wage rate. (Doc. 18-1 at 3.) According to Plaintiff, this failure was a calculation error due to a "time tracking conversion issue whereby Defendants incorrectly converted minutes into an hourly decimal value that understated the actual time

1

worked" ("Calculation Error"). (*Id.*) Defendants deny Plaintiff's allegations and assert that Plaintiff and those similarly situated were paid all amounts owed to them under the law. (Docs. 6, 13; Doc 18-1 at 4.)

After "lengthy negotiations," (Doc. 18-1 at 4), the parties were able to reach the proposed compromise which is the subject of this motion. The parties now ask the Court to "(1) conditionally certify the FLSA collective for settlement purposes; and (2) approve the settlement and permit notice of the settlement to be issued to putative plaintiffs." (Doc. 18-1 at 3.)

## II.   Terms of the Proposed Settlement

### A.  Notice of Settlement and Terms of Settlement

Plaintiffs are Brown and some 81 other Direct Service Workers who worked for Defendants since February 6, 2017. (Doc. 18-1 at 4.) Plaintiffs will be notified of the proposed settlement by a Notice of Settlement which will "explain that a settlement has been reached, inform individuals how they can get more information about the settlement and the benefits to be received, and instruct them that signing and returning the Consent and Release of Claims form within 60 days will opt them into the case and settlement." (*Id*. at 4 (citing Docs. 18-2, 18-3 and 18-4).)

The Notice will explain that those who do not return a Consent and Release of Claims form, will not participate in or be bound by the settlement. Those who do, however, "will have their payroll records reviewed for the calculation of wages which resulted from the Calculation Error, and will receive a settlement check for <u>all</u> alleged unpaid wages, overtime and minimum wages, and liquidated damages related to overtime and minimum wage violations, within

2

fourteen (14) days after Plaintiff verifies the accuracy of the wages and damage calculations." (Doc. 18-1 at 4–5 (citing Doc. 18-5 ¶ 1.e).)

Eligible plaintiffs who timely return a Consent and Release of Claims form will receive "any and all unpaid wages that resulted from the Calculation Error, and unpaid overtime wages and minimum wages. This will include pay for all weeks worked by eligible Plaintiffs for the preceding 3 years from February 6, 2020 through the 60-day Settlement Opt-in Period. (*Id*. at 5–6.) Defendants will further pay liquidated damages in an amount equal to unpaid overtime and minimum wages." (*Id.* at 5.)

The Parties will file a Consent Motion for Dismissal, seeking dismissal of those who returned a Consent and Release of Claims form with prejudice and, those who did not, without prejudice. Eligible plaintiffs who do nothing or do not wish to participate in the settlement would not lose their right to pursue their individual claims. (Id. at 5.) In addition, Defendants will reform and revise their payroll system to eliminate the Calculation Error giving rise to the claims.

Within 10 days of the verification of the wage calculations, Plaintiff's counsel will file a motion for approval of attorneys' fees and costs. Defendants have agreed to pay counsel fees and costs of Plaintiff in addition to the wages and damages paid to the settling Plaintiffs.

### III.   Standard and Application

Because this is a case arising under the FLSA, this Court must review the settlement for fairness before approving it. *Sarmiento v. Coastal Indus., LLC*, 2017 U.S. Dist. LEXIS 8102, at *1 (M.D. La. Jan. 19. 2017). "Before approving an FLSA settlement agreement, a court must determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable." *Id.* (cleaned up)

### A. Bona Fide Dispute

> When deciding whether a bona fide dispute exists, the Court considers whether there is a genuine dispute as to the Defendant's liability under the FLSA, as without a bona fide dispute, no settlement could be fair and reasonable. This is particularly true in an FLSA action because its provisions are mandatory, and not subject to negotiation and bargaining between employers and employees.

*Catherine v. SureTemps, LLC,* No. 17-7561, 2019 WL 4038604, at *2 (E.D. La. Aug. 27, 2019) (cleaned up)

The Court finds that a bona fide dispute exists. As mentioned above, Plaintiff claims Defendants failed to pay her and similarly situated Direct Service Workers the correct wages, overtime and minimum wages due her because of an alleged clerical error in Defendants' accounting system. (Doc. 18-1 at 7.) Plaintiff further alleges that Defendants were willful in their conduct entitling plaintiff and putative plaintiffs to liquidated damages. (*Id.*) Defendants, on the other hand, deny the allegations and assert Plaintiff and putative plaintiffs were paid all of the wages they were owed but, in any event, they acted in good faith. Defendants dispute Plaintiff's entitlement to liquidated damages. (*Id.* at 7–8.) Finally, there is a bona fide dispute over the number of hours worked and the resulting damages. (*Id.* at 8.)

### B. Fair and Reasonable Settlement

To determine whether a settlement is fair and reasonable under the FLSA, courts look to *Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983), where the Fifth Circuit enumerated factors to use in determining whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure. *Catherine*, 2019 WL 4038604, at *3; *see also Allen v. Entergy Operations Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 16, 2016). The six factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of

4

discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Catherine*, 2019 WL 4038604, at *3 (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 722 (E.D. La. 2008) (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004))). However, courts "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims." *Collins*, 568 F. Supp. 2d at 722.

### 1. Fraud or Collusion

In considering this factor, "there is a strong presumption in favor of finding a settlement fair." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010). The Court may presume no fraud or collusion occurred when there is no evidence to the contrary. *Collins*, 568 F. Supp. 2d at 725 (citing *Camp*, 2004 WL 2149079 at *7). The Court has reviewed the submission and record and sees no evidence of fraud or collusion. As represented by the parties, liability was disputed, and the parties exchanged information that permitted the parties to identify the Calculation Error before settlement negotiations began. The parties then spent considerable time negotiating the terms of the settlement. The Court finds that this factor is satisfied.

### 2. The Complexity, Expense, and Duration of Litigation

Had a settlement not been reached, both sides would have spent considerable time briefing and arguing conditional certification under the FLSA and, eventually, done the same for decertification. They would have engaged in extensive liability and damages discovery, litigated whether a clerical error existed, whether defendants were aware of the error and, if it existed, whether Plaintiff and the other Direct Service Workers would have been entitled to recover. A

case of this kind can take years and significant resources to resolve but, because the parties were able to reach an early resolution, both time and expenses were saved. The Court finds that this factor has been met.

### 3. The Stage of the Proceedings and The Amount of Discovery Completed

There are two reasons why the Court considers this factor: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and ... settlement is not collusive but arms-length." *Catherine v. SureTemps, LLC*, No. 17-7561, 2019 WL 4038604, at *4 (E.D. La. Aug. 27, 2019) (citing 4 William B. Rubenstein, *Newberg on Class Actions* § 13.50 (5th ed. 2015)).

However, it is not necessarily fatal when not much formal discovery has been conducted and a court may consider less formal avenues of exchanging information or even approve a settlement where no formal discovery has been conducted. *See id.; In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982). Here, the case settled early in the proceeding after the exchange of information and limited discovery was conducted allowed both sides to fairly evaluate their respective risks and to reach a fair and informed settlement. The parties represent that this early resolution allowed for funds which might otherwise have been spent defending the case to, instead, to be spent to pay "all purported unpaid wages, overtime, minimum wages, liquidated damages, and attorney's fees and costs…" (Doc. 18-1 at 9.) This Court agrees and finds that this factor has been met.

### 4. The Probability of Success on the Merits

As stated by Plaintiff, "[w]hile Plaintiff believes she has a strong case on the merits, there were many hurdles she would need to clear in order to prevail" including the existence of the Calculation Error, "the number of hours worked, that she was not paid all wages, that overtime and minimum wage violations existed, that Defendants were willful in their conduct and that she was entitled to damages." (Doc. 18-1 at 9.) The Court finds that this factor is satisfied and that the settlement reached is fair and reflects the likelihood of success on the merits.

### 5. The Range of Possible Recovery

As represented by the parties,

> [i]f Plaintiff prevailed on the merits of all FLSA claims, she and the other Direct Service Workers would be entitled to any unpaid wages, overtime and minimum wages, liquidated damages related to overtime and minimum wage violations (if any), attorneys' fees and costs. Under the terms of the settlement, those who opt in to participate . . . will receive those elements of damages. Furthermore, Defendants will correct the Calculation Error. [Defendants] also pay[] for three (3) years of damages, although it is possible Plaintiff would not have met her burden of proving Defendants' conduct was willful.

(Doc. 18-1 at 10.) Under the circumstances, the Court finds that this factor is satisfied.

### 6. The Opinions of Counsel

Here, counsel for Plaintiff is experienced in handling wage and hour class and collective actions. (Decl. of Pl.'s counsel Scott E. Brady, Doc. 18-6 at 4.) Counsel for both parties represent to the Court that the settlement is fair and reasonable and recommend to the Court that the settlement be approved. This factor is met.

In conclusion, the Court finds that all six *Reed* factors are met and that the settlement is fair and reasonable.

### 7. Attorney's Fees and Costs

Here, the settlement envisions that Plaintiff's counsel, within 10 days after Plaintiff verifies the accuracy of the damage calculations, may move the Court for the approval of fees

7

and costs. (Doc. 18-1 at 11.) The parties have agreed that the attorney's fee shall be calculated on a lodestar basis in accordance with Fifth Circuit jurisprudence. (*Id*.) Significantly, the attorney's fees and costs will be awarded separately and will not reduce the amounts paid to Plaintiff and other settling plaintiffs. (*Id*.) Ultimately, setting the amount of reasonable attorney's fees rests within the sound discretion of the Court. *Hensley v. Eckert*, 461 U.S. 424, 433 (1983). The Court will do so when presented with the application and supporting documentation at the appropriate time.

### 8. The Service Payment to Plaintiff

The settlement calls for a service payment for the named Plaintiff in the amount of $1000. Counsel for Plaintiff represents that Plaintiff "assisted Plaintiff's Counsel significantly with the case by meeting and communicating routinely to provide information." (Doc. 18-1 at 11 (citing Doc. 18-6).) The Court finds that this amount is reasonable and recognizes the time and effort Plaintiff dedicated to pursuing the case on her behalf and others.

## IV.  Conclusion

The Court has carefully reviewed the proposed Notice of Settlement (Doc. 18-2), the Court Approved Notice of Settlement (Doc. 18-3), the Court Approved Email (Doc. 18-4), and the Settlement Agreement (Doc. 18-5), along with the proposed Order (Doc. 18-7), and, for reasons expressed above, find that they are reasonable, appropriate and fair. The Court therefore approves the same and sign and issue the propose Order.

Signed in Baton Rouge, Louisiana, on this 30th day of July, 2020

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**