UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHERMICKA BROWN, individually
and on behalf of others similarly situated

CIVIL ACTION

VERSUS

NO. 19-809-JWD-RLB

4EVER CARING, LLC, ET AL.

RULING AND ORDER

This matter comes before the Court on the *Unopposed Motion for Attorneys' Fees and Costs* (Doc. 61) filed by Plaintiff Chermicka Brown, individually and on behalf of all others similarly situated, ("Plaintiff"). Defendants 4Ever Caring, LLC and Stephanie W. Barnes (collectively, "Defendants") do not oppose the motion. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and Plaintiff's arguments and submissions and is prepared to rule. For the following reasons, Plaintiff's motion is granted.

I.  **Relevant Factual Background**

On November 22, 2019, Plaintiffs originally filed this FLSA collective action against Defendants. (Doc. 1; *see also* Doc. 11.) Plaintiff asserted that while working for Defendants as a Direct Service Worker, she and similarly situated Direct Service Workers, were not paid all wages owed due to a calculation error, which resulted in violations of the FLSA. (Doc. 11 at 6–7.) Defendants denied the allegations and asserted that Plaintiff and the collective members were paid all owed wages and thus not entitled to recovery. (Doc. 13 at 6.)

The parties reached a settlement, which was approved by the Court on June 9, 2020. (Docs. 18, 22.) Significantly, pursuant to the Settlement Agreement, "attorney's fees and costs are to be awarded separately and will not reduce the amounts paid to Plaintiff and other settling plaintiffs." (Doc. 22 at 8 (citing Doc. 18-1 at 11).)

On December 8, 2021, Plaintiff filed the instant unopposed motion seeking attorneys' fees and costs. (Doc. 61.) Plaintiff submits evidence that her counsel expended 248.70 hours of work over 2 years, investigating, litigating, and bringing this case to a successful settlement and resolution. (Doc. 61-1 at 4, 6–7.) Based on this, Plaintiff's counsel suggests a lodestar attorney's fee of $44,974.25,[1] which includes billing rates of $450.00, $400.00, and $200.00 per hour for attorneys involved with the case, as well as $50.00 and $75.00 per hour for support staff. (Doc. 61-1 at 4.)

Plaintiff provides a declaration justifying the rate for her attorneys Philip Bohrer ("Bohrer"), Scott Brady ("Brady"), and Amanda McGowen ("McGowen"). (Doc. 61-2.) The affidavit and attached curricula vitae for Brady and Bohrer demonstrate that Plaintiff's counsel have considerable experience in litigating wage and hour class and collective actions across the country. (Doc. 61-2 at 3–4; Doc. 61-2 at 6–19.) Specifically, Bohrer, Brady, and McGowen have been practicing law on a national basis, and handling complex class and collective actions for 36, 23, and 10 years, respectively. (*See id.*)

In accordance with the terms of the Settlement Agreement, Plaintiff's counsel also seeks reimbursement of $536.85 in out-of-pocket costs. (Doc. 61-1 at 13.)

## II. Applicable Law

When considering an award of attorney fees under Louisiana law, "courts must assess whether the fees are reasonable." *GeoVera Specialty Ins. Co. v. Hicks*, No. 20-505, 2022 WL 104264, at *1 (M.D. La. Jan. 11, 2022) (deGravelles, J.) (citing *Cargill, Inc. v. Clark*, No. 10-487,

---

[1] The Court notes a minor discrepancy between the amount sought in Plaintiff's Motion and the amount described in Brady's Declaration and the firm's billing records. In Plaintiff's Motion, Memorandum, and Proposed Order, Plaintiff seeks $44,974.23 in attorney's fees. (*See* Doc. 61; Doc. 61-1 at 13; Doc. 61-5.) However, Brady's Declaration states that Plaintiff's lodestar amount is $44,974.25. (Doc. 61-2 at 4, ¶ 20.) This amount is consistent with the billing records provided by Plaintiff. (Doc. 61-3 at 36.) As such, the Court will use the amount of $44,974.25 as the operative amount throughout this Ruling.

2013 WL 1187953, at *1 (M.D. La. Mar. 21, 2013) (Brady, J.)). "Louisiana courts, in applying the reasonableness requirement from the Louisiana Rules of Professional Conduct, Rule 1.5(a), consider the following factors in determining whether the fees are reasonable:"

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*Cargill*, 2013 WL 1187953, at *1–2 (citing *La. Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 442 (La. 1992)). The Fifth Circuit also uses a "lodestar" method to assess and award attorney fees. *Id.* at *2 (citing *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)).

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.

*Id.* (citing *Heidtman*, 171 F.3d at 1043). The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases[.]

*Id*. (citing *Heidtman*, 171 F.3d at 1043 n.5).

### III. Analysis

In sum, the Court will grant Plaintiff's request for $44,974.25 in attorneys' fees. "To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (citations omitted).

The Fifth Circuit has recognized that "the district court is itself an expert in assessing these matters."[2] *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976) (citations omitted). Here, the hourly rates of $450.00, $400.00, and $200.00 for Plaintiff's counsel, $75.00 for paralegals, and $50.00 for support staff, are reasonable and commensurate with the rates in the surrounding legal community. *See Bass v. Berry Bros. General Contractors, Inc.*, No. 17-0947, 2020 WL 2026344, at *4 (W.D. La. Apr. 1, 2020) (approving $500 hourly rate for FLSA class counsel); *Wagner v. Plexos Group, LLC*, No. 19-822, Doc. 66 at 5-6 (M.D. La. Aug. 12, 2021) (hourly rates of $500.00 and $400.00 are "reasonable and commensurate with rates in the surrounding legal community"); *Capitol City Produce Co. v. Sammy's Holdings, LLC*, 2020 U.S. Dist. LEXIS 220975, at *21 (M.D. La. Nov. 25, 2020) (approving rate between $300-$450); *see also GeoVera*, 2022 WL 104264, at *2 (finding that "a rate of $215.00 is extremely reasonable for a lawyer in Baton Rouge … who has practiced civil litigation for thirty-eight (38) years."); *Campbell v. Harold Miller, Jr. Trucking & Paving, LLC*, No. 13-2840, 2014 WL 6389567, at *2 (W.D. La. Nov. 13, 2014) (paralegal hourly rate of $90.00 was reasonable in FLSA case); *Ocwen Loan Servicing, LLC v. Deane*, No. 15-682, 2017 WL 6816499, at *5 (N.D. Tex. Dec. 1, 2017), *report and recommendation adopted*, No. 15-682, 2018 WL 309105 (N.D. Tex. Jan. 5, 2018) (awarding $10,596.00 in attorney's fees based on 47.4 hours of work by associates and 9.2 hours of work by paralegals).

In addition, the Court has reviewed the time sheets describing the 248.70 hours of work (Doc. 61-3), and the Court finds that the number of hours worked was reasonable, given the novelty and complexity of the litigation. Based on the calculations of the total number of hours expended

---

[2] "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993)). Here, Plaintiff's counsel did not offer such affidavits, and instead, relies on other similar cases from this Circuit to establish the reasonableness of their attorney's fees.

4

on this matter and counsel's billing rates, the Court concludes that the appropriate lodestar calculation is a total of $44,974.25.

"Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases." *Ocwen*, 2017 WL 6816499, at *4 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Here, the Court has considered the totality of this case, including the nature of the action, its duration, the results obtained, and all the other factors required under Rule 1.5(a) and *Johnson*, and the Court finds that no further adjustment needs to be made to the lodestar.

The Court also reviewed Plaintiff's attorneys account of their expenses (Doc. 61-4) and finds these amounts to be fair and reasonable. Thus, the Court approves reasonable attorney's fees in the amount of $44,974.25, plus costs of $536.85.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the *Unopposed Motion for Attorneys' Fees and Costs* (Doc. 61) filed by Plaintiff Chermicka Brown, individually and on behalf of all others similarly situated, is **GRANTED**, and that Defendants 4Ever Caring, LLC and Stephanie W. Barnes shall pay to Plaintiff the sum of $44,974.25 in reasonable attorney's fees and $536.85 in reasonable costs. In accordance with the parties' agreement, Defendants shall be permitted to make payment of these amounts in four (4) monthly installments.

Signed in Baton Rouge, Louisiana, on June 10, 2022.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**